```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

**KIM HAWKINS,**

        **Plaintiff,**

    **v.**                                    **ACTION NO. 2:16cv219**

**TERRY ROBINSON**
**And**
**SUDDATH RELOCATION**
**SYSTEMS OF HOUSTON, INC.,**

        **Defendants.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This negligence case is before the court on Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 15). Plaintiff, Kim Hawkins ("Hawkins"), brought this suit after he was injured while unloading a moving truck for Defendants, Terry Robinson ("Robinson") and Suddath Relocation Systems of Houston, Inc. ("Suddath") (collectively "Defendants"). Defendants argue that Hawkins' claims are barred by the Virginia Workers' Compensation Act because he was Defendants' employee and engaged in work-related activities when he was injured. See Defs.' Mem. Supp. Mot. Dismiss at 4 (ECF No. 16). Hawkins argues that his claims are not barred because he was not Defendants' employee, but was an employee of Kenyell Plummer ("Plummer"), the individual who had contracted with Suddath to move his

1

belongings. The district court referred this Motion and Defendants' Motion for Summary Judgment (ECF No. 17) pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Having considered the parties' pleadings and for the reasons stated below, the undersigned recommends that Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 15) be GRANTED, the Motion for Summary Judgment (ECF No. 17) be terminated as MOOT, and the case DISMISSED.

## I. BACKGROUND

On or about June 12, 2015, Robinson approached Hawkins and Darrel Spaulding ("Spaulding") at Big Charlie's Truck Plaza in Virginia Beach to assist him and his son in unloading a moving truck he was driving. Hawkins Dep. 46:14-22 (ECF No. 16-2). Robinson is a subcontractor for Suddath, and had been contracted in this instance to transport furniture and other belongings from California to Virginia for Suddath's client, Plummer.[1] See Robinson Dep. 6:14-22 (ECF No. 16-1). Robinson offered Hawkins and Spaulding twenty-five dollars per hour for their help. Hawkins Dep. 46:18-21 (ECF No. 16-2). Plummer was not involved in and did not know the details of how Hawkins and Spaulding came under Robinson's employ. See Plummer Dep. 15:7-10, 18:10-

---

[1] Robinson's deposition testimony indicates that Suddath is a subsidiary of United Van Lines ("United"). Robinson Dep. 6:6-22 (ECF No. 16-1). To that end, it appears that Plummer may have originally contracted with United rather than Suddath. Id. at 9:11-19. In any event, Plummer did not contract directly with Robinson to transport or move his belongings.

2

20 (ECF No. 16-5). Hawkins, Spaulding, and Robinson's son were all being paid directly by Robinson. <u>See</u> Robinson Dep. 57:6-7 (ECF No. 16-1); Plummer Dep. 17:21-22, 18:1 (ECF No. 16-5). Both Robinson and Plummer testified that Robinson was the only person responsible for directing the three movers during the unloading process. <u>See</u> Robinson Dep. 57:8-10 (ECF No. 16-1); Plummer Dep. 18:2-9 (ECF No. 16-5).

Once Robinson and the three movers arrived at the storage facility, they met with Plummer to identify where the contents of the truck needed to be stored. Plummer Dep. 11:22, 12:1-22 (ECF No. 16-5). After backing the truck into the facility, Hawkins, Spaulding, and Robsinson's son began unloading the truck. Hawkins Dep. 47:11-18 (ECF No. 16-2). At some point during the unloading process, Hawkins was descending the loading ramp with a dolly when the ramp fell, causing him to fall to the pavement. Plummer Dep. 19:9-20, 21:20-22, 22:1-14 (ECF No. 16-5). Robinson provided the ramp, and someone on Robinson's crew had been responsible for setting it up. <u>See</u> <u>id.</u> at 19:9-17.

As a result of the injuries he sustained from the fall, Hawkins filed a negligence suit against several parties, including Defendants, in Norfolk Circuit Court. <u>See</u> Defs.' Notice of Removal, Ex. A (ECF No. 1). Defendants timely removed to this court and filed the instant Motion, as well as a Motion for Summary Judgment. <u>Id.</u> Hawkins was granted leave to file

3

his response to this Motion after failing to do so before the original filing deadline, and Defendants' filed a timely reply.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction, plaintiff has the burden of showing by a preponderance of the evidence that the court has such jurisdiction. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). When subject matter jurisdiction is challenged in a Rule 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768 (citations omitted). The motion to dismiss should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

## III. ANALYSIS

The Virginia Workers' Compensation Act ("Act") provides that, except in express circumstances, every employer and employee "shall be conclusively presumed to have accepted" the provisions of the Act that establish a respective duty to "pay

4

and accept compensation for personal injury or death by accident arising out of and in the course of the employment." Va. Code Ann. § 65.2-300 (West 2016). The Act also states that "[t]he rights and remedies [of the Act] granted to an employee . . . shall exclude all other rights and remedies of such employee." Id. at § 65.2-307. This is referred to as the "exclusivity provision," and it bars any suit seeking damages for injury brought by a person who is otherwise covered by the Act. See Butler v. Southern States Coop., Inc., 620 S.E.2d 768, 772 (Va. 2005). Faced with a 12(b)(1) motion to dismiss for lack of jurisdiction, "the plaintiff bears the burden of proving that the [Act's] exclusivity provision does not preclude this court's subject matter jurisdiction." Demetres v. East West Const., Inc., 995 F. Supp. 2d 539, 543 (E.D. Va. 2014).

There is no apparent dispute in this case that, if Hawkins was an employee of Robinson and/or Suddath, compensation for his injuries would be governed by the Virginia Workers' Compensation Act, and the exclusivity provision would bar him from bringing the instant suit against Defendants. Thus, the dispositive jurisdictional issue is whether Hawkins was an employee of Robinson and/or Suddath, and therefore subject to the exclusivity provision of the Act. The undisputed facts demonstrate that he was.

### A. Hawkins was not Plummer's Employee

Hawkins' argument against application of the exclusivity provision is that he worked for Plummer, the furniture owner, not the Defendants. The Act's definition of "employer" is broad and "includes (i) any person . . . using the service of another for pay . . . ." Va. Code Ann. § 65.2-101 (defining "employer"). Hawkins argues that because Plummer hired United Van Lines, who does business through Suddath, who in turn subcontracted with Robinson, who hired Hawkins to assist with unloading his belongings, Plummer is Hawkins' employer. But this argument ignores the Act's plain meaning and definition of "employee," which provides:

"Employee" means:

> 1. a. Every person, including aliens and minors, in the service of another under any contract of hire or apprenticeship, written or implied, whether lawfully or unlawfully employed, <u>except (i) one whose employment is not in the usual course of the trade, business, occupation or profession of the employer</u> or (ii) as otherwise provided in subdivision 2 of this definition.

<u>Id.</u> (defining "employee") (emphasis added).

By definition, Hawkins could not be Plummer's employee. There is no evidence to suggest, and Hawkins does not argue, that his employment was in <u>Plummer's</u> "usual course of the trade, business, occupation or profession." Moreover, the fact that Plummer is not in the trade, business, occupation, or profession

6

of transporting property is evidenced by the fact that he sought out the service of United Van Lines - and its agents, Suddath and Robinson - to move his belongings from California to Virginia for him. Simply put, Plummer was a client, not an employer.

Even if the court were to ignore this clear statutory language, the undisputed jurisdictional facts establish that Robinson, not Plummer, was Hawkins' employer. "'The elements of an employment relationship are: (1) selection and engagement of the employee, (2) payment of wages, (3) power of dismissal, and (4) power of control of the employee's action.'" Uninsured Employer's Fund v. Clark, 494 S.E.2d 474, 476-77 (Va. Ct. App. 1998) (quoting Behrensen v. Whitaker, 392 S.E.2d 508, 509 (1990)). The most important of those elements is control. See id. And the first three elements are those "more or less useful in determining" who has the power of control. See Stover v. Ratliff, 272 S.E.2d 40, 42 (Va. 1980).

In this case, the first three elements strongly favor the conclusion that Robinson, not Plummer, was Hawkins' employer. It was Robinson, not Plummer, who selected and engaged Hawkins to help unload the moving truck. See Hawkins Dep. 46:18-21 (ECF No. 16-2); Plummer Dep. 15:7-10, 18:10-20 (ECF No. 16-5). It was also Robinson, not Plummer, who was responsible for paying Hawkins for his work. See Robinson Dep. 57:6-7 (ECF No. 16-1);

7

Plummer Dep. 17:21-22, 18:1 (ECF No. 16-5). And there is no evidence that anyone other than Robinson would be able to dismiss Hawkins. <u>See</u> Robinson Dep. 57:8-10 (ECF No. 16-1); Plummer Dep. 18:2-9 (ECF No. 16-5). These facts are not disputed by the parties.

These elements, being probative of who was in control, all suggest that Robinson was Hawkins' employer. And indeed, both Robinson and Plummer testified that it was Robinson who was in charge of directing his three employees' actions. <u>Id.</u> In addition, the evidence cited by Hawkins that Plummer was in charge is also unpersuasive. Specifically, the fact that Plummer may have directed the movers as to where his belongings were to be stored (i.e., showing them where his storage unit was inside the multi-unit facility) and had a clipboard with a list of his items to ensure that all his property was accounted for does not indicate control over the terms of Hawkins' employment. Rather, it is merely evidence that Plummer was a client who hired a moving company to transport his belongings. And as a matter of law, the facts do not establish the level of control necessary to find an employer/employee relationship between Plummer and Hawkins.

**B. Hawkins was not a "Casual Employee"**

Hawkins also, in one sentence, refers to himself as a "casual laborer." <u>See</u> Pl.'s Mem. Opp. Defs.' Mot. Dismiss at 1

8

(ECF No. 20). "Casual employees" are not considered "employees" under the Act. See Va. Code Ann. § 65.2-101 ("'Employee' shall not mean: . . . Casual employees."). Thus, labeling himself this way could be construed as an argument that he is, by definition, exempt from the Act. However, Hawkins' has made no argument, cited no law, and pointed to no evidence to support the claim that he is a "casual employee," and therefore exempted from the Act. In a challenge to subject matter jurisdiction, it was Hawkins' burden to do so. See Evans, 166 F.3d at 647.

Nonetheless, exclusion from the Act as a "casual employee" occurs when someone is hired "occasional[ly]" or "by chance" to perform work "not in the usual course of the employer's trade or business." See Mims v. McCoy, 248 S.E.2d 817, 818-19 (Va. 1978) (citing Hoffer Bros. v. Smith, 138 S.E. 474, 476 (Va. 1927)). Even if hired for a single job, an employee is not exempt from the Act's coverage so long as the work is in the usual course of the employer's trade or business. See Board of Supervisors v. Boaz, 10 S.E.2d 498, 499 (1940). In this case, although Hawkins was hired for a single job, it was for work "in the usual course of [Robinson's] trade or business" as a moving company subcontractor. Thus, Hawkins does not fit the Act's definition of "casual employee," and is not exempt from the Act as such. See Mims, 248 S.E.2d at 818-19; Boaz, 10 S.E.2d at 499.

9

## C. Hawkins was Robinson & Suddath's Employee

The plain language of the Act defines Robinson and Suddath as employers, and Hawkins as their employee. Additionally, the undisputed facts show that, as a matter of law, an employer/employee relationship existed between Robinson and Hawkins. Ultimately, it is Hawkins' burden to show by a preponderance of the evidence that Robinson and Suddath were not his employers, and he has failed to meet that burden. See Craddock Moving & Storage Co. v. Settles, 427 S.E.2d 428, 430 (Va. App. Ct. 1993) ("A proponent of an issue must produce sufficient evidence to support a finding on that issue.")

With respect to Robinson, he meets the Act's broad definition of an employer in that he is a person "using the services of another for pay." Va. Code Ann. § 65.2-101 (defining "employer"). Hawkins has made no argument or offered any evidence to suggest that Robinson is not an employer under the Act. Similarly, Hawkins meets the Act's definition of "employee" in his relationship with Robinson. Hawkins was under an oral contract to perform work that was "in the usual course of the trade, business, occupation or profession of [Robinson]." See id. Again, Hawkins does not dispute that he was approached, hired, and to be paid by Robinson for his help unloading the moving truck. See Hawkins Dep. 46:18-21 (ECF No. 16-2). Hawkins simply argues that this was all to the benefit of

Plummer, and so Plummer should be considered his employer. But apart from the statutory language that definitively establishes Hawkins was <u>not</u> Plummer's employee, the undisputed facts show that Robinson, not Plummer, met the common law elements of an employer. <u>See</u> <u>Uninsured Employer's Fund</u>, 494 S.E.2d at 476-77.

The Act's provision concerning "statutory employers" also makes clear that Suddath was Hawkins' employer. The Act establishes that when "any person (referred to . . . as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to . . . as "subcontractor")" to accomplish all or part of that work, that "owner" is liable under the Act to the same extent for injury sustained by a worker employed by the subcontractor as if he had hired the injured worker directly. <u>See</u> Va. Code Ann. § 65.2-302(A). In other words, a person or business cannot escape liability under the Act by simply subcontracting the work out to another party – they still are considered statutory employers of all the workers hired by the subcontractor – bound by the compact of the Act to provide coverage, and protected by the same compact from a separate tort claim. <u>See</u> <u>id.</u> at § 65.2-300, 307.

In this case, Suddath (the "owner") contracted with Robinson (the "subcontractor") to perform the service of transporting Plummer's property across the country. This

11

subcontracting with Robinson was "part of [Suddath's] trade, business or occupation," making the company a "statutory employer" under the Act. See id. Hawkins has offered no evidence to rebut Suddath's status as a statutory employer, and in failing to do so, has not met his burden to prove this court has subject matter jurisdiction. See Evans, 166 F.3d at 647.

Again, Hawkins has not shown by a preponderance of the evidence that Robinson and Suddath were not his "employers" or that he was not an "employee" under the Act. Therefore, as a matter of law, there is a presumption that his employment relationship is governed by the Act. See Va. Code Ann. § 65.2-300. Because the Act's exclusivity provision provides that compensation under the Act is the sole remedy available to Hawkins, his claims against Defendants are barred and this court lacks subject matter jurisdiction to hear the case. See id. at § 65.2-307. Accordingly, the undersigned recommends Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be GRANTED, the Defendants' Motion for Summary Judgment be terminated as MOOT, and the case DISMISSED.

## IV. RECOMMENDATION

For the foregoing reasons, the court recommends that the Motion to Dismiss (ECF No. 15) be GRANTED, the Motion for Summary Judgment (ECF No. 17) be terminated as MOOT, and the case DISMISSED.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

November 21, 2016

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE